IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-00026-MSK-BNB

LESLIE KRZYCKI,

    Plaintiff,

v.

HEALTHONE OF DENVER, INC. and
DENVER MID-TOWN SURGERY CENTER, LTD.,

    Defendants.

## STIPULATED BLANKET PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a blanket protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that (a) has been maintained as confidential and implicates common law or statutory privacy interests, (b) is

confidential business or financial information which has been maintained as confidential and is protected by contract or law, or (c) is Plaintiff's personal medical information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Information shall be designated as CONFIDENTIAL by counsel for the designating party only after review of the information, who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a)   attorneys actively working on this case;

   (b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c)   the parties, including designated representatives for the entity defendants;

   (d)   expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e)   the Court and its employees ("Court Personnel");

   (f)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses; and

      (h)    other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent any party from designating said documents or information

CONFIDENTIAL at a later date. However, any use by the receiving party made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation.

10. In the event that a non-party or a party produces documents that the another party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make the designation must do so within fifteen (15) business days of receipt, and identify the CONFIDENTIAL document(s) or information by bates label or, where not bates labeled, by document title and page number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within five (5) business days after the conclusion of the 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed

information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. Motions to restrict access shall comply with D.C.COLO.LCivR 7.2.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties a written certification of counsel confirming that all CONFIDENTIAL documents have been returned. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all CONFIDENTIAL documents. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated September 27, 2012.

                          BY THE COURT:

                          s/ Boyd N. Boland
                          United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 24th day of September, 2012 BY:

| TRAYLOR LAW GROUP, LLC | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
|---|---|
| By: *s/ Whitney C. Traylor*<br>Whitney C. Traylor<br>Crag T. Truitt<br>Traylor Law Group, LLC<br>1721 High Street<br>Denver, CO 80218<br>Phone: 303-321-1862<br>Fax: 303-837-1214<br>wtraylor@traylorlawgroup.com<br>ctruitt@traylorlawgroup.com<br><br>*ATTORNEYS FOR PLAINTIFF* | By: *s/ Susan P. Klopman*<br>Susan P. Klopman, #33179<br>Sarah M. Stettner, #38943<br>Brownstein Hyatt Farber Schreck, LLP<br>410 Seventeenth Street, Suite 2200<br>Denver, Colorado  80202<br>Phone:  303.223.1100<br>Fax:  303.223.1111<br>sklopman@bhfs.com<br>sstettner@bhfs.com<br><br>*ATTORNEYS FOR DEFENDANTS HEALTHONE OF DENVER, INC. and DENVER MID-TOWN SURGERY CENTER, LTD.* |